IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI E. STEELE, | No. 2:15-CV-1335-CMK |
|     Plaintiff, | |
|   vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Final judgment was entered on September 30, 2016. Pending before the court is defendant's motion for reconsideration (Doc. 22) under Federal Rule of Civil Procedure 59(e).

/ / /

/ / /

/ / /

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant argues:

> In its Memorandum Opinion and Order, the Court noted that "[a]ccording to plaintiff, the job of cashier II requires a reasoning level of 3 . . . but her limitation to simple repetitive tasks indicates a reasoning level of 2." Order at page 22, lines 9-13. While the Court is correct that in his residual functional capacity (RFC) finding the ALJ limited Plaintiff to performing "simple repetitive tasks" (AR 32), the job of cashier II is SVP 2, not SVP 3. AR 44."

Defendant's argument is unpersuasive. As plaintiff notes in opposition to defendant's motion, SVP, or specific vocational profile, is not the same thing as reasoning level. The court's conclusion was based on an unexplored conflict between the vocational expert's testimony and

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

the Dictionary of Occupational Titles' ("DOT") descriptions of reasoning levels for specific jobs. The issue was never a conflict between the vocational expert's testimony and the DOT's SVP descriptions. Defendant has not identified any errors with respect to reasoning level.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for reconsideration (Doc. 22) is denied.

DATED: August 30, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE