IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI E. STEELE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:15-CV-1335-DMC<br><br><br>ORDER |

       Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA) (Doc. 26).

       Defendant argues plaintiff's motion is untimely. The court agrees. Plaintiff concedes her motion for EAJA fees is untimely, but argues defendant should be equitably estopped from arguing lack of timeliness. According to plaintiff's counsel, he relied on defendant's practice of settling EAJA fee awards by way of stipulations filed <u>after</u> the deadline for filing a motion for EAJA fees where a "meet and confer" letter was sent to defendant <u>before</u> the deadline. Though plaintiff argues case law supports her position, the cases cited by plaintiff do not appear to do so. Specifically, plaintiff cites <u>Morgan v. Heckler</u> in support of her estoppel

1

argument but the court in that case held estopped against the government requires a showing of "affirmative misconduct going beyond mere negligence." 779 F.2d 544, 545 (9th Cir. 1985).

Plaintiff has made no showing whatsoever of affirmative misconduct on the part of defendant. Moreover, the instances cited by plaintiff in which defendant accepted stipulations after the EAJA filing deadline are unpersuasive because, unlike the current case, those cases involved EAJA fee stipulations, not formal motions subject to the timeliness requirements of the statute. See 28 U.S.C. § 2412(d)(1)(B) (discussing time for submitting application for fees).

Plaintiff's motion is denied as untimely. See Van v. Barnhart, 483 F.3d 600 (9th Cir. 2007).

IT IS SO ORDERED.

Dated: February 27, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE